# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ADRIAN J. HURD**
**United States Army, Appellant**

ARMY 20240033

Headquarters, III Corps and Fort Cavazos
Scott Z. Hughes, Military Judge
Colonel Runo C. Richardson, Staff Judge Advocate (pre-trial)
Colonel Terri J. Erisman, Staff Judge Advocate (post-trial)

For Appellant: Major Robert W. Rodrigues, JA; Captain Robert W. Duffie, JA (on brief).

For Appellee: Lieutenant Colonel K.M. Bohlke, JA (on brief).

6 August 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

The appellant submitted this case with no assignments of error.[1] We write to address and correct a procedural error between the pleas and findings. To put it plainly, when an accused submits, and the government accepts, a plea agreement to plead guilty to a specification by exceptions and substitutions, the government should not make, and the military judge should not grant, a motion to dismiss the excepted language prior to the entry of findings.

---

[1] We have given full and fair consideration to the matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

## BACKGROUND

The appellant was initially charged with one specification each of attempted murder, attempted robbery, and attempted wrongful possession of cocaine, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2019) [UCMJ]; one specification of failing to obey a lawful general regulation, in violation of Article 92, UCMJ, 10 U.S.C. § 892; one specification of wrongful use of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; one specification of assault with intent to commit robbery, one specification of aggravated assault with a loaded firearm, and one specification of aggravated assault by grievous bodily harm against an intimate partner, each in violation of Article 128, UCMJ, 10 U.S.C. § 928; two specifications of obstructing justice, in violation of Article 131b, UCMJ, 10 U.S.C. § 931b; and one specification of extramarital sexual conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The appellant and convening authority entered into a plea agreement, in which the appellant would plead guilty to the attempted cocaine possession, violation of a lawful general order, wrongful use of cocaine, and both specifications of obstructing justice. He also agreed to plead guilty to the attempted robbery (Specification 2 of Charge I) with exceptions and substitutions and to the specification of aggravated assault by grievous bodily harm with exceptions (Specification 3 of Charge IV). Specifically, the appellant agreed to plead guilty to Specification 2 of Charge I, except the words "loaded firearm" and substituting therefor the word "knife." He also agreed to plead guilty to Specification 3 of Charge IV, except the words "an intimate partner of the accused."

In exchange, the convening authority agreed to "direct[] the Trial Counsel to move to dismiss, without prejudice, Specification 1 of Charge I [attempted murder], *the excepted words of Specification 2 of Charge I*, Specification 1 of Charge IV [assault with intent to commit robbery], Specification 2 of Charge IV [aggravated assault with a loaded firearm], the excepted words of Specification 3 of Charge IV, and The Specification of Charge VI [extramarital sexual conduct], to which I am pleading not guilty" (emphasis added).

The accused entered pleas consistent with the agreement, and the military judge found him provident and accepted his plea.[2] After accepting the plea, the trial

---

[2] During the providence inquiry, the parties discovered a discrepancy in the effective date and the particular language of the general regulation described in The Specification of Charge II. The specification was amended on motion of the government with the assent of the appellant on the record before findings were announced. The military judge did not have the accused re-enter a plea to this specification, but he did inquire again into the providence of the accused's plea to this amended specification and found him provident. The STR reflects a

(continued . . .)

counsel moved to dismiss without prejudice, to ripen into prejudice upon completion of appellate review, the specifications *and excepted language* to which the accused had pled not guilty. The military judge then granted the motion, with no objection from the defense.[3] The military judge then announced findings "Of all charges and their specifications: Guilty."

With respect to Specification 2 of Charge I, the Statement of Trial Results (STR) indicates a plea of "Guilty by exceptions and substitutions," a finding of "Guilty," and the section "Guilty Finding (if different than specification referred to trial)" reflects the language of the specification as contemplated by the plea, i.e. excepting the words "loaded firearm" and substituting therefor the word "knife." With respect to Specification 3 of Charge IV, the STR again indicates a plea of "Guilty by exceptions and substitutions [sic]," a finding of "Guilty," and the language of the guilty finding as contemplated by the plea, i.e. except the words "an intimate partner of the accused."

## LAW AND DISCUSSION

Under Rule for Courts-Martial [R.C.M.] 918(a)(1), general findings to a specification may be:

(A) guilty;
(B) not guilty of an offense as charged, but guilty of a named lesser included offense;
(C) guilty with exceptions, with or without substitutions, not guilty of the exceptions, but guilty of the substitutions, if any;
(D) not guilty only by reason of lack of mental responsibility; or
(E) not guilty.[4]

---

( . . . continued)
plea of "guilty as amended" to this specification, and a finding of "guilty." Though we amend the STR in our decretal paragraph below, we do not disturb the finding of guilt, to this specification, as it is clear the appellant intended to plead guilty to this violation.

[3] Though not contemplated in the plea agreement, the trial counsel properly moved to dismiss both The Specification of Charge VI and Charge VI itself.

[4] Other than lack of mental responsibility, R.C.M. 910(a)(1) uses analogous language in describing the permissible pleas that an accused may enter.

"Words matter, especially words that are legally significant." *United States v. Mahnke,* ARMY 20210533, 2022 CCA Lexis 566 at *7 (Army Ct. Crim. App. 30 Sept. 2022) (summ. disp.). When the trial counsel made, and the military judge granted, a motion to dismiss the excepted language of Specification 2 of Charge I, to which the accused had pled not guilty, that language ceased to exist before the court-martial. Then, the military judge announced a general finding of "guilty" to that offense, without accounting for the substituted language to which the accused had pled guilty. And, at this point in the trial, there was no mechanism by which the military judge could have found the appellant guilty of the substituted language, because there is no mechanism by which the court can make a finding of "guilty with substitutions," unless the finding *also* includes exceptions. *See* R.C.M. 910(a)(1)(C). In other words, after dismissing the words "loaded firearm," the military judge could not add the word "knife" back into the specification—which is what is reflected in the STR. The proper finding, and the one that we affirm, is a finding consistent with the plea, not guilty of the excepted language and guilty of the substituted language.

To be clear, there *are* ways by which the government can secure an agreement and conviction for language of a specification different than that referred to trial, while still preserving its ability to prosecute the original language if, for whatever reason, the agreement fails. These might include constructive referral, *see generally United States v. Vega,* ARMY 20180467, 2019 CCA LEXIS 109, at *4 (Army Ct. Crim. App. 8 Mar. 2019) (summ. disp.), or a motion to amend the specification prior to entry (or re-entry) of a plea, *see* R.C.M. 906(b)(4). But neither occurred here. Instead, the military judge entered an erroneous finding of guilty to a specification that, at that moment, had neither "loaded firearm" nor "knife" within its language, and the substituted language of the plea remained unaccounted for in the findings.

It is "abundantly clear" that the appellant, convening authority, and both parties intended that the appellant plead to, and be found guilty of, the substituted language of Specification 2 of Charge I. *Mahnke,* 2022 CCA Lexis 566, at *7. "As such, the appellant gets the benefit of his bargain and suffers no prejudice if we affirm a finding of guilty" consistent with his plea. *Id.* at *7-8. And, "as a matter of judicial economy, we decline to remand this case to the trial court for a post-trial Article 39(a) hearing to re-enter" a correct finding. *Id.* at *8.

Specification 3 of Charge IV is easier to address. Because the plea was only with an exception, without a substitution, when the military judge dismissed the excepted language, it was sufficient to enter a general finding of guilty to that offense, because the term "an intimate partner of the accused" was no longer before the court-martial. We need only address the minor (but, as the discussion above indicates, legally significant) distinction between "Guilty by exceptions" and "Guilty by exceptions and substitutions" on the STR.

## CONCLUSION

We affirm the finding of guilty for Specification 2 of Charge I that is reflected in the STR, that is:

> In that Private First Class (E-3) Adrian J. Hurd, U.S. Army did, at or near Fort Hood, TX, on or about 17 January 2023, attempt to, by means of force and violence and putting him in fear with a dangerous weapon, to wit, a knife, seize from , against his will, the property of some value of █

The words "loaded firearm," dismissed without prejudice pending completion of appellate review, are DISMISSED WITH PREJUDICE.[5]

Upon consideration of the entire record, the remaining findings of guilty and the sentence are AFFIRMED.[6][7]

Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

---

[5] Had the military judge entered a correct finding by exceptions and substitutions, he would have found the appellant "not guilty" of this excepted language, which would have barred further prosecution on that language from that point forward. *See generally United States v. Marcee,* ARMY MISC 20210550, 2022 CCA LEXIS 68 (Army Ct. Crim. App. 28 Jan. 2022) (summ. disp.).

[6] The STR is corrected as follows:

The finding of Specification 2 of Charge I on page 2 is amended to read "Guilty by Exceptions and Substitutions." The plea to The Specification of Charge II on page 2 is amended to read "Guilty" and the finding of that Specification of Charge II on page 2 is amended to read "Guilty as amended." The plea to Specification 3 of Charge IV on page 4 is amended to read "Guilty by exceptions." Block 12 ("Confinement") on the Sentencing Worksheet on page 5 is amended to read "42 months."

[7] Block 8 ("composition") of the Judgment, signed 26 June 2024, is amended to read "Military Judge Alone."